IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JAMES CARL THOMPSON JR., #01526314, PLAINTIFF, | § § § § | |
| v. | § § | CIVIL CASE NO. 3:20-CV-648-K-BK |
| TEXAS PAROLE AND PARDONS, DEFENDANT. | § § § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this case was referred to the United States magistrate judge for case management, including making findings and a recommended disposition where appropriate. The Court granted Plaintiff James Carl Thompson's motion to proceed *in forma pauperis* but did not issue process pending preliminary screening. Now, after review of the relevant pleadings and applicable law, this case should be **DISMISSED**.

I.   **BACKGROUND**

On March 16, 2020, Thompson, a state prisoner, filed a *pro se* complaint against Texas Parole and Pardons (presumably the Texas Board of Pardons and Paroles ("Board")). Doc. 3 at 1. In his amended complaint, Thompson alleges claims under 42 U.S.C. § 1983, stemming from the events leading up to the revocation of his state parole in May 2019. Doc. 19 at 3-4. Thompson asserts that the Board "disregarded illegal acts committed" by parole officers, hearing officers, and a Sex Offender Treatment Program ("SOTP") counselor and, following his parole revocation, illegally seized his accrued street-time credits and deprived him of his "April 5, 2020 discharge date." Doc. 19 at 3. Thompson argues that Parole Officers Deborah Garza

and Robert Didlo suborned perjury at parole hearings in November 2017 and March 2018. Doc. 19 at 4. He further alleges that Valire Lopez filed an illegal blue warrant in December 2019, even though the SOTP counselor had given him "permission to miss 2 of the 4 group" sessions. Doc. 19 at 4. Thompson seeks declaratory and injunctive relief, specifically, the "return of accrued street time" and his "April 5, 2020 release date." He also seeks monetary damages for his purported wrongful incarceration since April 5, 2020. Doc. 19 at 4.

In April 2020, shortly after filing this action, Thompson also filed a federal habeas petition in this Court challenging, *inter alia,* his parole revocation and forfeiture of street-time credits. *See Thompson v. Director*, 3:20-CV-1040-B-BN (N.D. Tex.). That petition remains pending.[1]

Thompson's requests to reinstate his April 5, 2020 release date and street-time credit are not cognizable in this action and his remaining claims are barred under the *Heck v. Humphrey* doctrine. Thus, this action should be dismissed.[2]

**II.   ANALYSIS**

Because Thompson is proceeding *in forma pauperis*, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b). Those statutes provide for the *sua sponte* dismissal of a complaint if the Court finds that it (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief against a defendant

---

[1] Respondent summarizes the procedural history in its response to Thompson's federal habeas petition. *See Thompson v. Director*, 3:20-CV-1040-B-BN, Civ. Doc. 21 at 3 (N.D. Tex.).

[2] Thompson's amended complaint renders moot his March 26, 2020 *Motion for Leave to File an Amended Complaint*, Doc. 7, which crossed in the mail with the order granting him leave to amend. Doc. 4. However, even if Thompson had been permitted to sue the parole officers, as he proposes in his motion for leave, his claims would still be *Heck*-barred for the reasons stated *infra*.

who is immune from such relief. A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

The Court must always liberally construe pleadings filed by *pro se* litigants. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting *pro se* pleadings "must be held to less stringent standards than formal pleadings drafted by lawyers"); *Cf.* FED. R. CIV. P. 8(e) ("Pleadings must be construed so as to do justice."). Even under this most liberal construction, however, Thompson's suit is not cognizable under Section 1983 and, thus, frivolous.

### A. Habeas Claims are not Cognizable under Section 1983

Thompson's request to reinstate his April 5, 2020 release date—in essence a request for release from confinement—is not cognizable under section 1983. *See Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) ("[A] prisoner in state custody cannot use a § 1983 action to challenge 'the fact or duration of his confinement.'" (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 498 (1973))). Likewise, Thompson's request for a return of his street-time credit is cognizable only in a habeas corpus action. *See McGrew v. Bd. of Pardons & Paroles Div.*, 47 F.3d 158, 161 and n.5 (5th Cir. 1995) (per curiam) (collecting cases) (finding district court should have construed claim challenging request for release and denial of street-time credit following a parole revocation as seeking habeas relief). Indeed, Thompson has already raised the street-time credit claim in his pending federal habeas case.

### B. Remaining Claims are Barred under the *Heck v. Humphrey* Doctrine

Second, because a ruling in Thompson's favor on his remaining claims against the Board "would necessarily imply the invalidity" of his 2019 parole revocation, they are not cognizable under Section 1983. *See Heck v. Humphrey*, 512 U.S. 477, 487 (1994). "In *Heck*, the Supreme Court held that if a plaintiff's civil rights claim for damages challenges the validity of his

3

criminal conviction or sentence, and the plaintiff cannot show that such conviction or sentence has been reversed, invalidated, or otherwise set aside, the claim is not cognizable under § 1983." *Magee v. Reed*, 912 F.3d 820, 822 (5th Cir. 2019) (per curiam) (citing *Heck*, 512 U.S. at 486-87). The *Heck* bar also applies to claims for damages related to constitutional violations stemming from parole revocation proceedings, *see McGrew*, 47 F.3d at 161, as well as claims for declaratory and injunctive relief, *Wilkinson*, 544 U.S. at 81-82. In the case of parole revocation, the Section 1983 action is subject to dismissal under *Heck* absent a showing that the confinement resulting from the parole revocation has been invalidated by a state or federal court. *McGrew*, 47 F.3d at 161.

Here, Thompson cannot satisfy the *Heck* favorable termination requirement. He does not allege that the decision to revoke his parole has been reversed, expunged, set aside, or called into question as *Heck* requires. And review of his pending federal habeas action confirms as much. *See Thompson*, No. 3:20-CV-1040-B-BN, Civ. Doc. 21 at 3 (citing unsuccessful state applications *In re Thompson*, Nos. WR-90,220-01 and -02).

Therefore, unless and until his parole revocation is called into question by a federal writ of habeas corpus, Thompson cannot maintain a civil action for damages, declaratory or injunctive relief that essentially seeks to undermine his parole revocation. *See McGrew*, 47 F.3d at 161; *see also Almendarez v. Huddleston*, 434 F. App'x 397, 397-98 (5th Cir. 2011) (per curiam) (applying *Heck* to claims attacking validity of parole revocation proceedings due to a blue warrant). Consequently, Thompson' remaining claims against the Board are not cognizable under Section 1983 and should be dismissed with prejudice as frivolous until such time as he satisfies the conditions set forth in *Heck*. *See Cook v. City of Tyler, Tex.*, --- F.3d ---, 2020 WL 5268509 (5th Cir. 2020) (per curiam) ("[P]laintiffs may reassert their claims upon satisfying the

4

*Heck* conditions but may not otherwise develop the claims 'until' those conditions are met.");
*Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996) (finding *Heck* barred claims are legally frivolous).[3]

### III.   LEAVE TO AMEND

Ordinarily, a *pro se* plaintiff should be granted leave to amend his complaint prior to dismissal. *See Brewster v. Dretke*, 587 F.3d 764, 767-768 (5th Cir. 2009). However, the Court is not required to grant leave to amend "if the plaintiff has already pleaded his 'best case.'" *Id.* For the reasons outlined herein, Thompson's claims are only cognizable in the habeas context or barred by the *Heck v. Humphrey* doctrine and, thus, fatally infirm. Based on the most deferential review of his complaint, it is highly unlikely that, given the opportunity, he could allege viable civil rights claims based on the limited facts he posits. Thus, the Court concludes that granting leave to amend under these circumstances would be futile and cause needless delay.

### IV.   CONCLUSION

For the foregoing reasons, Thompson's claims seeking reinstatement of street-time credit and April 5, 2020 release date should be **DISMISSED WITHOUT PREJUDICE**, as they are not cognizable under Section 1983, and his remaining claims should be summarily **DISMISSED WITH PREJUDICE** as frivolous until such time as he satisfies the conditions set forth in *Heck v. Humphrey*, 512 U.S. 477 (1994). *See* 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b).

---

[3] The Court notes that Thompson's claim for damages against the Board is also proscribed by the Eleventh Amendment, which bars suit against a state or a state entity regardless of whether monetary damages or injunctive relief is sought. *See Aguilar v. Texas Dep't of Criminal Justice*, 160 F.3d 1052, 1054 (5th Cir. 1998). As such, the Board, as a state instrumentality, is immune from a suit seeking monetary relief. *McGrew*, 47 F.3d at 161 ("Even if a complaint is subject to dismissal under *Heck*, 'it remains appropriate for district courts to consider the possible applicability of the doctrine of absolute immunity.'" (quoted case omitted)).

This dismissal will count as a "strike" or "prior occasion" within the meaning of 28 U.S.C. § 1915(g).[4]

**SO RECOMMENDED on** September 25, 2020.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

---

[4] 28 U.S.C. § 1915(g), commonly known as the "three-strikes" provision, provides: "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."